Edgar Anibal **GRAMAJO–LOPEZ,** Petitioner,

v.

Loretta E. **LYNCH,** Attorney General, Respondent.

No. 14–70749.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 7, 2016.

Rosana Cheung, Law Office of Rosana Kit Wai Cheung, Los Angeles, CA, for Petitioner.

Jesse David Lorenz, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Edgar Anibal Gramajo–Lopez's motion to refer this case to mediation and his request to hold this case in abeyance are denied.

Gramajo–Lopez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey,* 524 F.3d 1066, 1070 (9th Cir.2008), and we deny the petition for review.

The record does not compel the conclusion that Gramajo–Lopez established an exception to the asylum filing deadline to excuse his untimely application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Toj–Culpatan v. Holder,* 612 F.3d 1088, 1091–92 (9th Cir.2010). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's determination that Gramajo–Lopez failed to establish past persecution in Guatemala on account of a protected ground, including an actual or imputed political opinion, or membership in a particular social group. *See Parussimova v. Mukasey,* 555 F.3d 734, 740–41 (9th Cir.2009) (under the REAL ID Act, "to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). Substantial evidence also supports the agency's determination that Gramajo–Lopez failed to establish it is more likely than not he would be targeted for harm if returned to Guatemala. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution too speculative). Thus, Gramajo–Lopez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Gramajo–Lopez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya,* 524 F.3d at 1073. We reject Gramajo–Lopez's contention that the agency's analysis was insufficient. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir.2010).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this cases is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.